UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE ISABELLE CORNELL, | No. 2: 13-cv-0748 KJM |
| Appellant, | |
| v. | ORDER |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Respondent. | |

        On May 8, 2014, the court ordered appellant to show cause why this action should not be dismissed because of her failure to perfect the record on appeal. Appellant did not respond to the order.

        Before a court can dismiss for failure to prosecute under Rule 41(b), it must consider the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to opposing parties; (4) the policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

        The court finds here that the *Eisen* factors overall support dismissal. First, the public has an interest in expeditious resolution of litigation. Here, appellant has done nothing to

1

perfect the record on appeal even though the bankruptcy court gave her notice of the deficiencies. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

  Second, the court has an inherent interest in managing its docket.  Appellant has done nothing to move the appeal forward apart from filing the notice of appeal and has not even acknowledged her obligation to act.

  Third, the law presumes prejudice from unreasonable delay.  *In re Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (citations omitted).  Although there is little suggesting actual prejudice to respondent, the presumption of harm provides at least some support for dismissal.  *See Morris v. Morgan Stanley & Co.*, 942 F. 2d 648, 651 (9th Cir. 1991) (stating the "failure to prosecute diligently is sufficient by itself to justify dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure") (quotation marks and citation omitted).

  Fourth, although public policy strongly favors disposition of actions on their merits, this consideration as in *Yourish* "is outweighed by the other four factors which support dismissal of this action."  *Yourish*, 191 F.3d at 992; *cf. In re Eisen*, 31 F.3d at 1454 ("Even if the plaintiff has an obviously strong case, dismissal would be appropriate if the plaintiff has clearly ignored his responsibilities to the court in prosecuting the action and the defendant had suffered prejudice as a result thereof.") (quotation marks and citation omitted).

  Fifth, in light of appellant's failure to respond to the court's order to show cause, it does not appear lesser sanctions will be efficacious.

/////

/////

/////

2

IT IS THEREFORE ORDERED THAT:

1. The appeal is dismissed for failure to prosecute; and

2. The case is closed.

DATED: September 30, 2014.

_____
UNITED STATES DISTRICT JUDGE